**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------- x
UNITED STATES OF AMERICA,

         - against -

ALI YASIN AHMED, *et al.*,

         Defendants.
------------------------------------------------------- x

**MEMORANDUM & ORDER**

12-CR-661 (SLT) (S-2)

**TOWNES, United States District Judge,**

Once again this Court is called upon to resolve a dispute regarding expert disclosures. On March 20, 2015, the government requested, pursuant to Fed. R. Crim. P. 16(b)(1)(c), that defendant produce expert reports for Dr. James Wayman and any other experts they intend to call at trial. (ECF No. 225.) This Court ordered defendants to produce expert reports for Dr. Wayman and any other experts in voice identification that they anticipate calling by March 30, 2015. (ECF No. 232.)

On March 30, 2015, defendants provided notice that they intend to call Dr. Wayman and Dr. Geoffrey Stewart Morrison as experts. (ECF No. 233.) Defendants' letter indicates that both experts "have closely read Mr. [Jonas] Lindh's latest report . . . [and] each has formed the opinion that Mr. Lindh's methodology is unsound and his conclusions are untrustworthy." (*Id.* at 2.) Additionally, both experts "are expected to opine that Mr. Lindh's analysis was not based on sufficient facts or data, that he did not use reliable principles and methods, and he did not reliably apply principles and methods to the facts of the case." (*Id.*) The government has moved to preclude this testimony from being offered at the *Daubert* hearing on the ground that defendants' expert disclosure does not comply with the Court's order. (ECF No. 248.) Specifically, the government argues that defendants must produce expert reports for these two experts. (*Id.* at 2.)

Also before the Court is defendants' motion to compel additional disclosures by the government relating to Mr. Lindh. (ECF No. 234.) Specifically, defendants seek: (1) clarification from Mr. Lindh as to which of the 42 academic references in his report he actually relied upon; (2) an order compelling the government to provide a translation of the website database "Swedia"; (3) information relating to Mr. Lindh's compensation or showing any relationship between him and the company Agnitio; and (4) production of documents concerning Mr. Lindh's training and certification by Agnitio. (ECF No. 234 at 2-3.) The government opposes this motion. (ECF No. 248 at 2-3.)

For the reasons set forth below, both motions are granted in part and denied in part.

## DISCUSSION

### A. Government's Motion to Preclude Defendants' Expert Testimony

Rule 16(b)(1)(C) provides in relevant part that a defendant's expert disclosure must be "a written summary of any testimony" and this summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualification." Fed. R. Crim. P. 16(b)(1)(C). The Advisory Committee Notes indicate that the summary should cover "not only written and oral reports, tests, reports and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Rule 16 Adv. Comm. Notes, 1993 Am. "Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *United States v. Valle*, No. 12-CR-847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013); *see also United States v. Mahaffy*, No. 05-CR-613 (ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (excluding testimony "because the disclosure statement only proffered general topics and did not describe any opinions that would be offered

by the witness on these topics"). Likewise, "providing the government with a list of sources from which the experts drew their opinions" but "not specify[ing] which sources the expert used to reach the different opinions identified" is insufficient. *United States v. Ferguson*, No. 06-CR-137 (CFD), 2007 WL 4539646, at *2 (D. Conn. Dec. 14, 2007).

Rule 16(b)(1)(C) does not mandate that defendants' experts *create* expert reports, but the Advisory Committee Notes "make[] clear that the requirement to produce a summary of the expected testimony and the bases of the expert's opinion applies regardless of whether any formal written reports have been prepared." *United States v. Jasper*, No. 00-CR-825 (PKL), 2003 WL 223212, at *3 (S.D.N.Y. Jan. 31, 2003); *see also* Rule 16 Adv. Comm. Notes, 1993 Am. ("[T]he fact that no formal written reports have been made does not necessarily mean that an expert will not testify at trial.").

Here, if defendants' experts have not produced written reports, they are not required to create them. That said, defendants' March 30th disclosure is insufficient. The disclosure does not indicate, among other things, (1) the reasons why the experts think Mr. Lindh's methodology is unsound or not reliable, (2) the bases for their conclusion that Mr. Lindh's analysis is not based on sufficient facts, or (3) the reasons why they believe that Mr. Lindh did not correctly apply principles or methods to the facts of this case. While the disclosure clearly indicates the sources these experts are relying on, it does not indicate *why* these experts find Mr. Lindh's analysis faulty. The thin statements about the experts' general conclusions are insufficient.

Preclusion, however, is a drastic remedy. Accordingly, defendants are ordered to supplement their expert disclosures by April 10, 2015. In the event that Dr. Morrison's unavailability prevents immediate supplementation, defendants must indicate the earliest date upon which his disclosure can and will be supplemented.

## B. Defendants' Motion to Compel

Defendants seek to compel four categories of information relating to Mr. Lindh. First, defendants request that Mr. Lindh be required to indicate which of the 42 academic references cited at the end of his report he actually used in reaching his conclusions. (ECF No. 234 at 1-2.) The government says that "a plain review of Mr. Lindh's report indicates that he relies on these academic references in connection with his analysis." (ECF 248 at 2-3.) That is not completely responsive to the defendants' request. Accordingly, the government is ordered to have Mr. Lindh indicate which of the cited references he relied upon in reaching each of his conclusions.

Second, defendants complain that the Swedia database website that Mr. Lindh used is in Swedish, and request that the government provide a translation. (ECF No. 234 at 2.) The government does not have a translation, but has no objection to defendants' obtaining a translation. (ECF No. 248 at 3.) Defendants' request is therefore denied as they may seek their own translation.

Third, Defendants request information concerning Mr. Lindh's compensation by the U.S. for his work, and any documents showing any financial relationship between him and the company Agnitio. (ECF No. 234 at 2-3.) The government indicates that this information would be discoverable as *Giglio* material or pursuant to 18 U.S.C. § 3500, and therefore it will produce such material prior to the *Daubert* hearing scheduled for April 24, 2015. (ECF No. 248 at 3.) The government is directed to provide such material to defendants one week before the *Daubert* hearing.

Lastly, defendants request documents relating to Mr. Lindh's training and certification by Agnitio, and specifically his training and certification to use the BATVOX product. (ECF No. 234 at 3.) The government indicates that it will provide documents discoverable as *Giglio*

4

material or pursuant to 18 U.S.C. § 3500 in advance of the *Daubert* hearing. (ECF No. 248 at 3.) Accordingly, the government is ordered to make such a production one week prior to the *Daubert* hearing.

**SO ORDERED.**

Dated: Brooklyn, New York
       April 9, 2015

                                        SANDRA L. TOWNES
                                        United States District Judge